UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JIAN CHENG LI,<br>    Petitioner,<br><br>v.<br><br>KIRSTJEN M. NIELSEN,<br>CHRISTOPHER CRONEN, THOMAS<br>HOMAN, REBECCA ADDUCCI, AND<br>DONALD J. TRUMP,<br>    Respondents. | )<br>)<br>)<br>)  C.A. No. 18-11596-MLW<br>)<br>)<br>)<br>)<br>) |

ORDER

WOLF, D.J.                                                              August 3, 2018

Jian Cheng Li, a native of the People's Republic of China, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 on July 31, 2018. He has named Kirstjen Nielsen, Secretary of the Department of Homeland Security ("DHS"), and Rebecca Adducci, Director of the Boston Field Office of United States Immigration and Customs Enforcement, as respondents. He alleges, among other things, that respondents have unlawfully placed him on GPS monitoring and have ordered him to depart the United States by August 16, 2018. Li states that he is a member of the putative class in Calderon v. Nielsen, C.A. No. 18-10225, because, as the spouse of a United States citizen, he is eligible to apply for DHS' permission to seek a visa from the United States consulate in China and return to the United States as a permanent resident after only a brief trip abroad. See 8 C.F.R. §§212.2(j) & 212.7(e). He, like the petitioners in Calderon, argues that DHS cannot lawfully

remove him while he is pursuing that process. He seeks to enjoin his removal. Because the cases involve two of the same respondents and the same or similar claims, Li properly designated this case as related to Calderon. See L.R. 40.1(g)(1). Therefore, it was assigned to this court.

Li also alleges that removing him would unlawfully deprive him of the opportunity to adjust his status to that of a lawful permanent resident while remaining in the United States, without going abroad, under §245(i) of the Immigration and Nationality Act, 8 U.S.C. §1255(i).

The court has stayed two other related cases, Aligaweesa v. Nielsen, C.A. No. 18-11388 and Nkojo v. Nielsen, C.A. No. 18-11401, by agreement of the parties in those cases until after the hearing on the motions to dismiss, for a preliminary injunction, and for class certification in Calderon, which is scheduled for August 15, 2018, because the resolution of those motions may resolve some of the issues in those cases. It may also resolve the issues in this case.

In view of the foregoing, it is hereby ORDERED that:

1. The Clerk of this Court shall serve forthwith a copy of the petition (Docket No. 1) upon respondents and the United States Attorney for the District of Massachusetts.

2. The parties, including the United States, shall confer and, by August 9, 2018, report, jointly if possible, but separately

if necessary: (a) whether they have reached an agreement to resolve this case; and, if not, (b) whether this case should be stayed until the court decides the pending motions in Calderon; and, if not, (c) proposing a schedule for the case.

3. In order to preserve the court's jurisdiction, to provide the parties an opportunity to attempt to resolve this case and, if necessary, to brief the issues properly, petitioner shall not be moved outside the District of Massachusetts, temporarily or permanently, during the pendency of this case. See 28 U.S.C. §1651(a) ("[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). This requirement may be reconsidered by the court sua sponte or upon motion by either party.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE